





UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
David Stein (DS 2119)
Michael Samuel (MS 7997)
38 West 32nd Street, Suite 1210
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiff
Matthias Hawkins




Matthias Hawkins,

Plaintiff,

- vs. -

Toussaint Capital Partners, LLC,

Defendant.

CIVIL ACTION NO. ______

**COMPLAINT**

Plaintiff Matthias Hawkins, by and through his undersigned attorneys, for his complaint against Toussaint Capital Partners, LLC, alleges as follows:

**THE PARTIES**

1. At all relevant times herein, plaintiff Matthias Hawkins was a New Jersey citizen with an address of 101 ½ Lafayette Street, Jersey City, New Jersey.

2. Upon information and belief, defendant Toussaint Capital Partners, LLC (hereinafter "Toussaint"), is a

Delaware corporation which has its principal place of business at 110 Wall Street, 11th Floor, New York, New York.

**JURISDICTION AND VENUE**

3. This court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy is greater than $75,000, and there is complete diversity of citizenship because plaintiff is a New Jersey citizen, and defendant is a citizen of New York and Delaware.

4. Venue in New York is appropriate because defendant is a citizen of New York, and the harm suffered by plaintiff was felt in New York.

**FACTS**

5. In or about May 2007, Mr. Hawkins was living in St. Louis, Missouri.

6. In our about May 2007, Avery Bird, Sr., the Chairman and CEO of Toussaint, contacted Mr. Hawkins about becoming head of a planned Midwest office of Toussaint.

7. On May 17, 2007, Toussaint sent a letter to Mr. Hawkins offering him the position of Correspondence Representative and setting forth the terms and conditions of the employment, including provisions for compensation.

8. The offer provided that Mr. Hawkins would be compensated, after an initial three month period, on a commission basis.

9. Relying upon the May 17 letter offer, Mr. Hawkins traveled to New York to meet with Mr. Bird and get oriented at Toussaint.

10. Soon afterwards, however, Toussaint drastically changed plans, deciding not to open a Midwest office and, instead, offering Mr. Hawkins a position as Assistant Vice President in Toussaint's New York office.

11. Mr. Hawkins decided to accept the New York offer, and leased an apartment in Jersey City, New Jersey in which to live.

12. On July 18, 2007, Toussaint sent a revised offer letter to Mr. Hawkins, setting forth new terms and conditions for his employment.

13. According to Toussaint, the firm was not legally permitted to formally offer Mr. Hawkins commissions until he had passed a Series 7 licensing exam.

14. Nevertheless, Mr. Hawkins was orally promised by Mr. Bird that he would receive commissions at a rate of 35% of the revenues he generated, and the compensation portion of the July 18 offer letter provided that Mr. Hawkins would be paid a "draw versus future productions of $3,500 per

month," which Mr. Hawkins understood to mean a draw upon commissions.

15. The July 18 letter set forth as a condition of Mr. Hawkins employment that he take and pass the Series 7 exam within 45 days of being hired.

16. Mr. Hawkins did, in fact, pass his Series 7 exam in a timely manner.

17. At that point, Mr. Hawkins began his sales efforts on behalf of Toussaint, focusing on the energy sector to which he had been assigned.

18. The first transaction for which Mr. Hawkins was credited was completed on February 26, 2008.

19. When Mr. Hawkins sought to be paid the commission to which he was entitled on this transaction, he was told that he would have to wait until Toussaint had received its fees for the deal.

20. Mr. Hawkins was told that it took ninety days for Toussaint to be paid, and that he would then receive the income which he had earned at his next pay period.

21. Although Mr. Hawkins had never before been warned that his commissions would be delayed, he patiently waited for the 90 days to be up, and then requested that he be paid the monies he was owed.

22. In the meantime, Mr. Hawkins continued to generate sales for Toussaint, bringing in a few more deals worth hundreds of millions of dollars.

23. Nevertheless, when Mr. Hawkins asked for his commission, he was ignored or rebuffed.

24. Finally, after much prompting from Mr. Hawkins, he was told that he would be receiving only $11,000.00 in commissions.

25. Mr. Hawkins protested, and asked for an explanation as to how Toussaint had calculated the number $11,000.00.

26. Toussaint failed to respond, and further failed to pay even the $11,000.00 that it admitted owing to him.

27. Mr. Hawkins continued to try to obtain an explanation as well as the full amount of monies owed him.

28. Finally, on June 13, 2008, without any warning, and in retaliation for Mr. Hawkins's attempts to obtain the monies he was owed, he was unceremoniously fired by way of a letter which accused him of unspecified "insubordination."

29. After he received this transparent attempt to create a favorable paper trail, Mr. Hawkins received a phone call from Toussaint, offering him his job back if he would stop asking to be paid the commissions he had earned.

30. Mr. Hawkins soon thereafter received a pretextual letter from Toussaint, entitled a "Last-Chance Agreement," which purported to offer Mr. Hawkins his job back if he would comply with certain insulting conditions, including drug tests, anger management classes, and unspecified "community service."

31. Significantly, in the letter, Toussaint admitted that Mr. Hawkins was entitled to "current and future commissions generated."

32. Based upon the transactions completed at the time Mr. Hawkins was fired, defendant owes him a total of $135,000.

33. Upon information and belief, defendant has wrongfully refused to pay earned commissions to other employees.

**COUNT I**

**(New York Labor Law - Failure to Pay Wages)**

34. Matthias Hawkins repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

35. At all relevant times, Mr. Hawkins was employed by defendants.

36. Defendants willfully violated Mr. Hawkins's rights by failing to pay him commissions owed, in violation

of New York Labor Law § 191 and its implementing regulations.

37. Defendants' failure to pay wages in the form of commissions earned was willful within the meaning of New York Labor Law § 198 and supporting regulations.

38. Defendants' New York Labor Law violations have caused Mr. Hawkins irreparable harm for which there is no adequate remedy at law.

39. Due to defendants' New York Labor Law violations, Mr. Hawkins is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198.

WHEREFORE, plaintiff Matthias Hawkins requests that defendant be ordered to pay plaintiff the amount of $182,000.00, plus pre- and post-judgment interest at the statutorily-defined rate, and awarding reasonable costs and expenses, including attorneys' fees, and such other, further, and different relief as shall be determined to be just.

**COUNT II**

**(Breach of Contract)**

40. Matthias Hawkins repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully herein.

41. Mr. Hawkins entered into a contract with defendant.

42. Defendant failed to fulfill its obligations under the contract.

43. Defendant's failure to pay monies owed to Mr. Hawkins constitutes a material breach of its contract with him.

WHEREFORE, plaintiff Matthias Hawkins requests that defendant be ordered to pay plaintiff the amount of $135,000.00, plus pre- and post-judgment interest at the statutorily-defined rate, and awarding reasonable costs and expenses, including attorneys' fees, and such other, further, and different relief as shall be determined to be just.

**COUNT III**

**(Quantum Meruit)**

44. Matthias Hawkins repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully herein.

45. Mr. Hawkins performed extensive and valuable services for defendant.

46. Mr. Hawkins is entitled to payment for the value of those services.

47. Mr. Hawkins has not been compensated.

48. The value of the services for which Mr. Hawkins has not been compensated is $135,000.00.

WHEREFORE, plaintiff Matthias Hawkins requests that defendant be ordered to pay plaintiff the amount of $135,000.00, plus pre- and post-judgment interest at the statutorily-defined rate, and awarding reasonable costs and expenses, including attorneys' fees, and such other, further, and different relief as shall be determined to be just.

**COUNT IV**

**(New York Labor Law - Retaliation)**

49. Matthias Hawkins repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully herein.

50. At all relevant times, Mr. Hawkins was employed by defendant.

51. Defendant willfully violated Mr. Hawkins's rights when it fired him for complaining about not being paid commissions owed to him.

52. This retaliatory firing violates, *inter alia*, New York Labor Law §215.2.

53. As a result of defendant's conduct, Mr. Hawkins has suffered loss of past and future earnings, and other monetary damages for pain and suffering, mental anguish, and humiliation.

54. Defendant's New York Labor Law violations have also caused Mr. Hawkins irreparable harm for which there is no adequate remedy at law.

55. Due to defendant's New York Labor Law violations, Mr. Hawkins is entitled to injunctive relief to restore him to his employment, compensatory, and punitive damages for these violations.

WHEREFORE, plaintiff Matthias Hawkins requests that defendant be ordered to pay plaintiff compensatory and punitive damages, plus pre- and post-judgment interest at the statutorily-defined rate, and awarding reasonable costs and expenses, including attorneys' fees; plaintiff further requests that an injunction be issued requiring defendant to reinstate his employment; plaintiff further requests

such other, further, and different relief as shall be determined to be just.

Dated: July 21, 2008

David Stein (DS 2119)
Michael Samuel (MS 7997)
SAMUEL & STEIN
Attorneys for Plaintiff
Matthias Hawkins
38 West 32nd Street
Suite 1210
New York, New York 10001
(212) 563-9884

**DEMAND FOR TRIAL BY JURY**

Pursuant to Fed.R.Civ.P. 38 (b), plaintiff demands a trial by jury on all questions of fact raised by this complaint.

David Stein (DS 2119)
Michael Samuel (MS 7997)
SAMUEL & STEIN
Attorneys for Plaintiff
Matthias Hawkins
38 West 32nd Street
Suite 1210
New York, New York 10001
(212) 563-9884